Chief Judge Desmond and Judges Bregan and Keating
dissent in the following memorandum: We perceive no warrant for this court, in the first instance, interpreting a statute which has not been passed on in the courts below. Whether the claimants are entitled to partial payment at the present time is a question for the discretion of the Special Term. But if the statute (Administrative Code, § B15-21.0) is considered, we read it as prohibiting the entry of a partial decree.
The pertinent Administrative Code section concededly deals with real property and, although the partial judgment involved herein deals with more than real property alone, the enabling law pursuant to which this property was taken (General City Law, art. 2-A, § 20) provides that the procedure to he followed shall be “so far as practicable ’ ’ the same as the procedure governing the acquisition by the city of real property. This is a clear recognition that the procedure shall apply to more than real property alone. Moreover, there is no showing that the procedure is not, in this instance, practicable.
Additionally, we would note that there is simply no basis for inferring that the city has arbitrarily delayed the payment of *744 just compensation. While the taking did indeed occur four years ago, the claimants, as well as the city, have sought review by the higher courts, and the cross appeals to this court were only argued on February 22,1966 and decided on July 7,1966 (18 N Y 2d 212). The claimants receive their full measure of constitutional compensation by the addition of interest for any delay in payment.
We would, therefore, deny the claimants’ motion to amend the remittitur on the grounds that (1) the statute prohibits such partial payment and (2), even if the statute be not so construed, a request for partial payment should be addressed to the sound discretion of the Special Term.
Finally, as an absolute minimum, no such sweeping decision involving statutory construction in a case of unusual public interest should be made on a motion to amend the remittitur, without adequate consideration of the important questions presented here. The issues here raised should be set down for oral argument during our next session.
Motion by appellants-respondents to amend remittitur granted in a memorandum.
All concur except Chief Judge Desmond and Judges BeRGan and Keating, who dissent and vote to deny the motion in a memorandum.
Motion by respondent-appellant for reargument denied.
Motion by respondent-appellant to amend remittitur denied. All concur except Judge Keating, who dissents and votes to grant the motion because of the decision by the majority of the court to grant the motion of appellants-respondents to amend the remittitur.